UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY A. SANCHEZ,<br><br>            Plaintiff,<br><br>v.<br><br>MARINA MURO, et al.,<br><br>           Defendants. | Case No. 1:21-cv-01770-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 3)<br><br>ORDER DIRECTING CLERK TO SEND A COPY OF THIS ORDER TO: ANTHONY A. SANCHEZ, SO2308924, KERN COUNTY SHERIFF'S DEPARTMENT – JAIL, PO BOX 2208, BAKERSFIELD, CA 93303-2208 |

      Anthony Sanchez ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action.

      On December 16, 2021, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 3). Plaintiff asks for appointment of counsel because he is unable to afford counsel; because his imprisonment will greatly limit his ability to litigate; because the issues involved in this case are complex and will require significant research and investigation; because a trial in this case will likely involve conflicting testimony and counsel would enable Plaintiff to present evidence and cross-examine witnesses; because Plaintiff has limited access to the law library; and because Plaintiff has limited knowledge of the law and the requirements of the Court.

Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), <u>withdrawn in part on other grounds</u>, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." <u>Id.</u> (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, while there may be some issues, it appears that Plaintiff can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

Additionally, IT IS ORDERED that the Clerk of Court is directed to send a copy of this order to: Anthony A. Sanchez, SO2308924, Kern County Sheriff's Department – Jail, PO Box 2208, Bakersfield, CA 93303-2208.[1]

IT IS SO ORDERED.

Dated:   **December 17, 2021**              /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that it is Plaintiff's responsibility to keep the Court apprised of his current address. When his address changes, he must file a notice of change of address. See Local Rule 182(f) ("Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address … of the attorney or the pro se party.").